UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL NICHOLAS, | ) | |
| Plaintiff, | ) ) ) | No. 18 C 08193 |
| v. | ) ) | Judge Edmond E. Chang |
| ALLTRAN EDUCATION, INC. | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Michael Nicholas defaulted on his student loan payments. So Alltran Education, a collection agency, sent Nicholas a letter attempting to collect the amount owed. Nicholas later sued Alltran, alleging that the debt-collection letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (FDCPA). R. 1, Compl.[1] Alltran now moves to dismiss the complaint. R. 10, Mot. Dismiss. For the reasons discussed below, Alltran's motion is granted.

**I. Background**

For purposes of this motion, the Court accepts as true the allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition to the allegations in the pleading itself, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Nicholas owes money on student loans. Compl. ¶¶ 6,

---

[1]This Court has subject matter jurisdiction over the federal claims in this case under 28 U.S.C. § 1331. Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

11; *see also* R. 1-2, Exh. A, Collection Letter. At some point, the original creditor of his student loans transferred the debt to Alltran for debt collection. Compl. ¶¶ 10, 13. Eventually, Nicholas defaulted on his loan payments, *see* Collection Letter at 1, so Alltran sent Nicholas a letter, attempting to collect the debt, *see id.*; Compl. ¶¶ 14-16. The letter referred to the possibility of a "review[]" for wage garnishment:

> If we don't hear from you, your debt(s) will be reviewed for Administrative Wage Garnishment (AWG). Under that program, ED [the U.S. Department of Education] can issue an order to your employer directing them to withhold up to 15% of your disposable pay to be paid to ED to apply to your defaulted debt(s).

Collection Letter at 1; Compl. ¶ 17.

Nicholas claims that this language is misleading, and thus violates § 1692e of the FDCPA. Compl. ¶ 23. Specifically, he claims that the letter "threatens garnishment if [he] does not pay," and "misleads [him] as to his rights in such matter." *Id.* ¶ 21. Alltran now moves to dismiss the complaint, arguing that Nicholas fails to adequately state a claim. Mot. Dismiss.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alteration in original) (cleaned

2

up).[2] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)) (cleaned up).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III. Analysis

Section 1692e prohibits debt collectors from using false or misleading tactics to collect a debt: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a

---

[2]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3

nonexclusive list of prohibited practices" in 16 subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although "a plaintiff need not allege a violation of a specific subsection in order to succeed in a Section 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), Nicholas invokes § 1692e generally as well as three subsections: (4), (5), and (10).[3]

In evaluating whether a debt collector's statement is deceptive under § 1692e, the statement is viewed from the perspective of an "unsophisticated consumer." That is, the Court must ask "whether a person of modest education and limited commercial savvy would be likely to be deceived by the debt collector's representation." *Dunbar v. Kohn Law Firm, S.C.*, 896 F.3d 762, 764 (7th Cir. 2018). This standard protects a consumer who is "uninformed, naïve, and trusting," but who nonetheless "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (cleaned up). The reasonable consumer, though unsophisticated, "is not a dimwit." *Lox*, 689 F.3d at 822 (cleaned up). Because this is a fact-laden inquiry, dismissal for failure to state a claim is only appropriate "in cases involving statements that plainly, on their face, are not misleading or deceptive." *See Boucher*, 880 F.3d at 366-67.

---

[3]Nicholas generally invokes § 1692e in his complaint, *see* Compl. ¶ 23, but in his response brief, he specifically invokes subsections (4), (5), and (10), R. 19, Pl.'s Resp. Br. at 3-5. Because Nicholas need not specify a subsection of the FDCPA to succeed on an FDCPA claim, *Lox*, 689 F.3d at 822, the Court will first address the allegations under § 1692(e) generally and then proceed to the allegations under subsections (4), (5), and (10).

4

According to Nicholas, the letter implies that "Alltran has the power to garnish wages if it does not hear from Plaintiff," Compl. ¶ 19, and, therefore, the letter "threatens" garnishment, Compl. ¶ 21; R. 19, Pl.'s Resp. Br. at 1. Even viewed through the lens of an unsophisticated consumer, Nicholas' reading of the letter is untenable. The actual words in the letter say that if Alltran does not hear from Nicholas, then Nicholas' "debt(s) will be *reviewed* for Administrative Wage Garnishment (AWG)." Collection Letter at 1 (emphasis added). An unsophisticated consumer would not read this language to mean that Alltran will go on to deduct Nicholas' wages if it does not hear from Nicholas. Instead, the statement that the debt will be "reviewed" necessarily means that something *more* has to happen (namely, the review) *before* garnishment proceedings can be initiated. Common sense dictates, then, that Alltran will not initiate garnishment proceedings on Nicholas' wages right *now* if he does not respond to the letter.

The sentence that follows the alleged threat does not change this interpretation. After notifying Nicholas that his debt would be reviewed for Administrative Wage Garnishment, the letter goes on to explain that garnishment is a program under which "the ED [the U.S. Department of Education] *can* issue an order to your employer directing them to withhold up to 15% of your disposable pay to be paid to ED to apply to your defaulted debt(s)." Collection Letter at 1 (emphasis added); *see generally* 20 U.S.C. § 1095(a). This sentence likewise is not misleading. An unsophisticated consumer would not understand the word "can" to mean "will." The Seventh Circuit's decision in *Taylor v. Cavalry Investment, L.L.C.*, 365 F.3d 572

5

(7th Cir. 2004) is instructive on this point. The collection letter there said, "[I]f applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor." *Id*. at 574. For one of the plaintiffs in that case, the account continued to accrue interest, but for the other two, the accounts were closed and the creditors stopped adding interest. *Id*. The plaintiffs argued that the statement was false under the FDCPA because two of the creditors were no longer adding interest. *Id*. at 575. The Seventh Circuit called that argument "downright frivolous" because "[t]he letter did [not] say they would [add interest], only that they *might*." *Id*. (emphasis added). The same reasoning applies here: it is not misleading to say that the Education Department *can* garnish Nicholas' wages if Alltran does not hear from Nicholas.[4] The use of the word "can," like the word "may," signals only that the Education Department is capable of garnishing wages in the case of some debtors, *not* that garnishment is certain as to Nicholas. There is no overall violation of § 1692e generally.

Nor does the letter violate any of the subsections that Nicholas invoked in his response brief. Section 1692e(4) prohibits debt collectors from representing or implying that "nonpayment of any debt will result in … the seizure … of any property or wages … unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. §1692e(4). But the challenged language in the letter does not violate this subsection because, as already discussed, it neither represents nor

---

[4]As discussed in more detail below, the Department of Education can legally garnish wages for student loan repayment under 20 U.S.C. § 1095a, subject to the requirements laid out in that section.

6

implies that garnishment *will* occur. But even if it did, as Alltran argues, garnishment of wages for student loan repayment is indeed lawful under 20 U.S.C. § 1095a. Yes, that statute does grant student-loan borrowers certain rights—for example, the borrower must be provided with written notice, 20 U.S.C. § 1095a(b), and an opportunity to be heard, 20 U.S.C. § 1095a(c)—but nothing in the letter misleads Nicholas about those rights. For these same reasons, the letter does not violate 15 U.S.C. § 1692e(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." *See St. John v. Cach, LLC*, 822 F.3d 388, 390–91 (7th Cir. 2016) ("[A] threat, in the broadest sense, involves a declaration of an intention to take some action."); *see also Cadiz v. Credence Res. Mgmt., LLC*, No. 17-CV-01949, 2018 WL 4052159, at *3 (N.D. Ill. Aug. 24, 2018) ("[T]he letter must communicate that [the action] is not merely a possibility, but that a decision to pursue [the action] is either imminent or has already been made.") (citing cases) (cleaned up). The letter does not contain a "threat" under that subsection, only a statement that the account will undergo a "review" for garnishment if the borrower does not respond. Lastly, Nicholas invokes § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a customer." 15 U.S.C. § 1692e(10). Once again, as discussed earlier, the collection letter here would not falsely or deceptively mislead even an unsophisticated consumer into believing that garnishment is a certainty or that the debtor otherwise has no rights before the garnishment's imposition.

## IV. Conclusion

The debt-collection letter sent by the Defendants neither threatens garnishment nor misleads the debtor about garnishment. The letter accurately says that a review for garnishment is the next step and what garnishment can mean for the debtor's wages. The complaint fails to adequately state a claim. Because Nicholas does not propose any possible amendment to fix the complaint (and does not respond at all to the defense's argument that the dismissal should be with prejudice, R. 11, Def.'s Br. at 4), the dismissal is with prejudice and judgment shall be entered. The status hearing of October 3, 2019 is vacated.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 30, 2019